# DEVELOPMENT BANK OF AMERICAN SAMOA, Plaintiff

## v.

## CHRISTINE LAGAREJOS, Defendant

High Court of American Samoa
Trial Division

CA No. 30-94

January 18, 1995

Before KRUSE, Chief Justice, BETHAM, Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Plaintiff, Tate J. Eldridge
For Movants Carl & Starr Schuster, Arthur Ripley, Jr.

Order Denying Motion for Post-Judgment Intervention:

On August 22, 1994, this court entered judgment in favor of plaintiff mortgagee, Development Bank of American Samoa, against defendant mortgagor, Christine Lagarejos, awarding, among other things, plaintiff's petition to foreclose a certain leasehold mortgage which defendant had executed in favor of plaintiff as collateral for the repayment of her loan. The leasehold interest was created in favor of defendant by her parents, movants herein Carl and Starr Schuster, in order to facilitate her loan application with plaintiff. To this end, movants gave plaintiff an instrument styled "Lessor's Consent to Mortgage and Estoppel Certificate," which on its face sanctioned the mortgaging of defendant's leasehold interest to plaintiff. Defendant subsequently defaulted on the loan and plaintiff filed suit, which resulted in the judgment entered herein.

On October 11, 1994, movants filed their motion for post judgment intervention, claiming, among other things, intervention as of "right" under T.C.R.C.P. 24(a), in that they were not joined in the action and

hence their interest in the subject matter of the leasehold mortgage was not adequately represented. Alternatively, they claim intervention under T.C.R.C.P. 24(b) contending that the lease agreement and the lessor's-consent-to-mortgage instrument presented common questions of fact and law, relating to movants' intent with respect to their execution of these documents, which the court should consider.

## DISCUSSION

■ A motion to intervene whether under subdivision (a) or (b) of Rule 24 is subject to the requirement of "timeliness." *NAACP v. New York*, 413 U.S. 345, 365 (1973). We hold that the application before us is untimely since movants have had knowledge of this action for some time before it went to judgment, as counsel for the mortgagee had early appraised movants of these proceedings. To sanction movants' wait-and-see posture by reopening this matter would be to unduly prejudice plaintiff's rights and substantially interfere with the orderly processes of the court. *See McDonald v. E.J. Lavino Corp.*, 430 F.2d 1065, 1072, (5th Cir. 1970); *United States v. Blue Chip Stamp Co.*, 272 F. Supp. 432, 436 (C.D. Cal. 1967) ("The interest in expeditious administration of justice does not permit litigation interminably protracted through continuous reopening. A motion to intervene after entry of decree should therefore be denied in other than the most unusual circumstances.").

■ At the same time, *post judgment* intervention is generally allowed only upon a "strong showing" of entitlement by the applicant. *United States v. Associated Milk Producers, Inc.*, 534 F.2d 113, 116 (8th Cir. 1976), *cert. denied*, 429 U.S. 940 (1976). In this matter, movants cannot demonstrate any proprietary interest whatsoever in the subject matter of the action, namely, the *leasehold estate* and *mortgage interest* on the land. In contrast, movants' interest, a fee estate in the land, is not in any way affected by the judgment in this case. While that fee estate happens to be presently encumbered by leasehold and mortgage interests, these encumbrances, which movants now complain of, were not of the court's doing but that of movants' themselves, when they gave to the defendant and her assigns a leasehold estate on their land with the right to mortgage that leasehold estate to prospective lenders.

Furthermore, what movants essentially seek at this time is the opportunity to assail those encumbrances by going back on the language of the instruments which they have given. In other words, they seek the opportunity to present parol evidence to explain their real "intentions" with

respect to the Leasehold Agreement and Lessor's Consent to Mortgage and Estoppel Certification. This course of action is of dubious merit, and in terms of the "strong showing" requirement for *post judgment* intervention, movants can hardly be said to have met their burden.[1]

For reasons given, the motion for post-judgment intervention is denied.

It is so ordered.

---

[1] It is apparent from the supporting papers filed with the motion that this attempt to reopen the matter was prompted by the plaintiff mortgagee's unwillingness to accept movants' proposal for extended purchase terms to discharge the mortgage. Discharge of the mortgage and subsequent cancellation of the lease is still available to the movants, and, under the circumstances, is the more realistic course for relief.